| | | |
|---|---|---|
| United States District Court | Southern District of Texas | United States District Court<br>Southern District of Texas<br>**ENTERED**<br>June 03, 2022<br>Nathan Ochsner, Clerk |

Charles Osburn, §
§
      Plaintiff, §
§
versus §    Civil Action H-21-2075
§
Kilolo Kijakazi, §
§
§
      Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

   The question is whether substantial evidence supports the commissioner's decision that Charles Osburn is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

   Osburn brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

   Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

A. *Background.*

Osburn is a 56-year-old man who says that he is disabled by: (a) right knee arthroscopy; (b) meniscus tear in the right knee; (c) chondromalacia of the patella; (d) obesity; (e) hypertension; (f) osteoarthritis; (g) degenerative joint disease; (h) bronchitis; and (i) obstructive sleep apnea.

Osburn has a high-school education and has worked as an electrician. When he applied for social security on April 4, 2019, he said that his disability had begun on December 25, 2018.

The hearing officer found that Osburn's impairments did not meet or equal a listed impairment. He decided that Osburn could do medium work.

B. *Application.*

The hearing officer properly found that Osburn was not disabled. The process was correctly followed.

First, Osburn has not been gainfully employed. Second, the hearing officer found that Osburn's right knee arthroscopy, meniscus tear in the right knee, chondromalacia of the patella, obesity, hypertension, osteoarthritis,

degenerative joint disease, bronchitis, and obstuctive sleep apnea were severely impairing him. Third, none of Osburn's impairments met one listed. Fourth, the officer determined that Osburn would be able to do medium work with moderate limitations after considering the combined effects of his impairments. Fifth, the officer found that Osburn could find work in the national economy as a hospital dietary aid, laundry laborer, and hospital cleaner.

Osburn argues that the hearing officer erred by: (a) not considering the entire record; (b) not properly weighing or examining his subjective pain; (c) not properly weighing his treating physician's medical opinion; and (d) not considering all of Osburn's limitations in his hypotheticals.

The record shows that the hearing officer considered a variety of medical opinions in reaching his decision. He accounted for numerous visits by Osburn with Manohar Alloju. In January 2018, Osburn denied having shortness of breath and chest pain. In January 2019, he was in no acute distress, and his heart and lungs were normal. After Osburn's chainsaw incident in October 2019, Alloju did not change his medications in January and April of 2020. Alloju then opined that Osburn was unable to do sedentary work due to his ailments, despite being able to drive, watch television, perform household chores, and even use a chainsaw.

The hearing officer developed the medical record by considering the medical opinions of Phong Luu, Alan Rechter, Roberta Herman, and Kavitha Reddy, all of whom determined that Osburn was able to return to work. These opinions are consistent with the testimony and evidence presented showing that Osburn is able to perform daily activities. Substantial evidence exists to support the hearing officer's finding.

Osburn argues in his second point of error that the hearing officer failed to weigh and examine his subjective sense of pain. As explained above, Osburn can do a variety of daily activities including: going out alone, shopping in stores, caring for his dog, performing household chores, and even operating a chainsaw. In an appointment with Rechter in January 2020, Osburn was taking narcotics

sporadically and denied calf pain, chest pain, and shortness of breath. Alloju did not modify Osburn's medications, indicating that his subjective pain was decreasing or controlled. Substantial evidence exists supporting the officer's finding.

Osburn's third point of error argues that the hearing officer did not give proper weight to his treating physician's opinion. Osburn testified that he can do routine daily activities. Alloju opined that Osburn could not do sedentary work despite his ability to perform daily activities, and Alloju's not supplementing his medication. Alloju's medical opinion is inconsistent with the other medical testimony in the record. After meeting with Rechter in January 2020, Osburn was "happy with the results," and Rechter said that he "was doing well." Herman and Reddy said that Osburn's RFC indicated that he would be able to return to work. All of these medical opinions, besides Alloju's, are consistent with the evidence presented. Substantial evidence is present to support the hearing officer's finding.

Finally, Osburn's last point of error is that the hearing officer did not consider all of Osburn's medical limitations in his hypotheticals. Osburn contends that it was error to not consider his knee pain and hand spasms. The vocational expert identified future employment opportunities as a hospital dietary aid, laundry laborer, and hospital cleaner. The record shows that Osburn was able to do laundry at the time this action was filed. Osburn, also, attempted to use a chainsaw despite his own knowledge of hand spasms. Osburn has been on a controlled medication regiment and has been taking narcotics sporadically. Substantial evidence supports the findings of the hearing officer and vocational expert.

The officer's determinations are supported by substantial evidence.

5. *Conclusion.*

The commissioner's decision denying Charles Osburn's claim for disability insurance is supported by substantial evidence and will be affirmed. Charles Osburn will take nothing from Kilolo Kijakazi.

Signed on June 3, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge